THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NCS COMPANIES,<br>520 Lancaster Avenue<br>Frazer, PA 19355<br> on behalf of itself and all others similarly<br>situated,<br><br>                       Plaintiff,<br><br>           v.<br><br>THE UNITED STATES OF AMERICA,<br>c/o United States Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC  20530<br><br> THE INTERNAL REVENUE SERVICE,<br>1111 Constitution Avenue, NW<br>Washington, D.C. 20224<br><br>MARK E. EVERSON,<br>1111 Constitution Avenue, NW<br>Washington, D.C.  20224<br>in his official capacity as Commissioner of<br>the Internal Revenue Service,<br><br>                 Defendants. | C.A. No. _____  (____)<br><br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiff, by its undersigned attorneys, alleges, upon information and belief (said information and belief being based, in part, upon the investigation conducted by and through its counsel), except with respect to paragraphs 10 and 19 - 21, which are alleged upon personal knowledge, as follows:

**PRELIMINARY STATEMENT**

1.     This action arises out the Internal Revenue Service's ("IRS" or the "Agency") assessment and collection of a Communications Excise Tax ("Excise Tax") (26 U.S.C. §§ 4251 and 4252), on long distance telephone and cellular phone service in clear violation of 26 U.S.C. §§ 4251 and 4252, numerous federal court decisions, and its own operational manual.  The IRS

has been utilizing this statute to illegally collect more than $1.6 billion dollars per year, since 2000, in taxes on telephone services that do not constitute "toll service" under the statute.

2.      Numerous federal courts, including the United States Court of Appeals for the District of Columbia Circuit, the Eleventh Circuit, the Sixth Circuit and the Second Circuit, recently addressed this issue and unanimously concluded that the IRS improperly taxed businesses and consumers on their long distance and cellular phone services and unanimously rejected the IRS's arguments seeking to avoid the plain language of the statute.

3.      The Excise Tax is only applicable when the long distance telephone charges either (i) "varies in amount with the distance and elapsed transmission time" or (ii) upon the payment of period charge, provides for "an unlimited number of telephonic communications." The IRS has been collecting the Excise Tax on long distance telephone services that do not satisfy either aspect of the tax code.

4.      Despite the clear language of the statute and the fact that the courts unanimously have found in favor of taxpayers and ordered refunds of the Excise Taxes paid, the IRS continues to illegally impose the tax. In fact, the IRS manual (described below) requires that the IRS comply with decisions from Courts of Appeals, but in violation of its own manual, the IRS has failed to comply with these decisions.

5.      In response to many of the recent Court decisions, the IRS stopped processing taxpayers' refund claims filed with the Agency, thus taking away taxpayers' only potential avenue of recourse.

6.      Plaintiff and similarly situated taxpayers are now left with no recourse except to pursue their claims against the IRS in this Court to obtain injunctive relief, a writ of mandamus,

and a refund of the Excise Taxes that were illegally collected by the IRS in direct contravention of an unambiguous statute and numerous court rulings.

7.    The IRS cannot prevail in this litigation as its actions are in clear contradiction to the language of the statute, as well as the numerous federal court decisions that have unanimously found in favor of taxpayers regarding this very issue. In addition, since the IRS has removed taxpayers' only method to dispute this illegal tax, and is violating its own practice manual, plaintiffs lack any adequate remedy at law if this Court does not grant the equitable relief sought.

## NATURE OF THE ACTION

8.    This is a class action brought on behalf of plaintiff and similarly situated taxpayers who were and continue to be unlawfully assessed a federal Excise Tax on their long distance telephone and cellular phone bills.

9.    Plaintiff seeks a writ of mandamus pursuant to 28 U.S.C. § 1361 and related declaratory and injunctive relief against the IRS which improperly collected and continues to collect the Excise Tax pursuant to 26 U.S.C. §§ 4251 and 4252. Plaintiff also seeks to recover amounts improperly collected and retained as Excise Taxes, as well as associated interests, costs, and attorneys' fees as applicable.

## JURISDICTION AND VENUE

(b)    Jurisdiction over the subject matter of this action is conferred upon this Court pursuant to 28 U.S.C. § 1346 and 28 U.S.C. § 1491.

## PARTIES

10.    Plaintiff NCS Companies is located at 520 Lancaster Avenue in Frazer, Pennsylvania. Plaintiff has been a customer of well-known communications providers Sprint, T-Mobile and Verizon, has been improperly assessed and has paid the Excise Tax on each of its

monthly telephone bills as part of the regular billing process. Plaintiff has been and continues to be required to pay the improper Excise Tax. Class members are all similarly situated taxpayers ("Class").

11.    Defendant IRS is a bureau of the Department of Treasury organized to carry out the responsibilities of the secretary of the Treasury under § 7801 of the Internal Revenue Code, and has the authority to administer and enforce the internal revenue laws.

12.    Defendant Mark E. Everson is the IRS Commissioner who administers and enforces the internal revenue laws. The IRS and Defendant Everson are collectively referred to as the IRS.

## FACTUAL ALLEGATIONS

### The Communications Excise Tax

13.    In 1898, Congress imposed the first tax on telephone service. This tax applied to every person, firm or corporation owning or operating any telephone line, and charged one cent for messages or conversations transmitted over their respective lines that cost fifteen cents or more.

14.    The tax was reinstated intermittently over the years. In 1965, Congress enacted the Excise Tax Reduction Act which called for an immediate reduction of the tax from ten-percent to three-percent followed by an annual one-percent reduction thereafter until the tax was completely repealed on January 1, 1969.[1] The 1965 legislation retained three categories of taxable services: local telephone service, toll telephone service, and teletypewriter exchange service.

---

[1] In 1990, Congress made the Excise Tax permanent at a three percent rate.

15.    Under 26 U.S.C. §4252, "toll telephone service" is defined as:

> 1)    a telephonic quality communication for which (A) there is a toll charge which varies in amount with the distance and elapsed transmission time of each individual communication and (B) the charge is paid in the United States, and (emphasis added)

> 2)    a service which entitles the subscriber, upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time), to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations in a specified area which is outside the local telephone system area in which the station provided with this service is located.

16.    When this legislation was passed, AT&T was the predominant provider of long distance service, and the definitions of "toll service" covered the two types of long distance service provided by AT&T:  (i) Message Telephone Service ("MTS") which charged callers for each call based on the time of day, duration of the call, and distance traveled; and (ii) Wide Area Telephone Service ("WATS") which allowed customers, for a flat charge, to make calls within a defined area, sometimes limited as to total elapsed time.

17.    During the 1990s, companies began changing the way they billed customers for long distance service.  Because AT&T no longer retained a monopoly on the long distance market, it eliminated long distance billing based on WATS and ended its fees for long distance service based on distance and time formula in favor of a time-only formula.  In part due to competition from wireless carriers, many telephone companies began to offer flat rate per-minute long distance plans.  Accordingly, most long distance carriers and wireless carriers were no longer charging based on both distance and elapsed transmission time.

18.    Despite the fact that long distance and wireless service could no longer be classified as "toll service," the IRS continued to impose the Excise Tax on these services.

19.     Sprint has provided plaintiff with telephone service for more than three years. Even though plaintiff has not been billed based on both time and distance, it has been improperly billed and required to pay the Excise Tax. Plaintiff filed a claim for a refund, but has not waited six months because the IRS announced that it is no longer processing such refund claims.

20.     Verizon has provided plaintiff with wireless telephone service for more than three years. Even though plaintiff has not been billed based on both time and distance, it has been improperly billed and required to pay the Excise Tax. Plaintiff filed a claim for refund, but has not waited six months because the IRS announced that it is no longer processing such refund claims.

21.     T-Mobile has provided plaintiff with wireless telephone service for more than three years. Even though plaintiff has not been billed based on both time and distance, it has been improperly billed and required to pay the Excise Tax. Plaintiff filed a claim for refund, but has not waited six months because the IRS announced that it is no longer processing such refund claims.

### The Ensuing Litigation

22.     Once long distance carriers began changing the way they billed customers for service, the long distance service no longer fit within the definition of "toll services" under the Excise Tax statute (26 U.S.C. §§ 4251 and 4252).

23.     As a result, many companies began filing refund claims on Form 8849 with the IRS Service Center seeking a refund of this Excise Tax. The IRS has either denied or simply refused to process the vast majority of these claims.

24.     By the IRS's own estimate, there are approximately $9 billion in potential refund claims.

25.    Because of the IRS's refusal to process valid refund claims, taxpayers began filing a series of lawsuits against the IRS alleging that the Agency improperly imposed the Excise Tax on long distance service that was billed **only** for duration of a call, and **not** subject to 26 U.S.C. §§ 4251 and 4252.

26.    Over the past several years, federal courts have been unanimous[2] in finding that 26 U.S.C. § 4252(b)(1) is unambiguous and calls for an Excise Tax **only** when there is a toll charge which varies in amount with both the distance **and** elapsed transmission time of each individual communication. Each of these courts entered judgment in favor of the taxpayers, yet the IRS continued to impose the Excised Tax. For example:

27.    In *Fortis v. United States,* 2004 U.S. Dist. Lexis 18686 (S.D.N.Y. Sept. 16, 2004), a taxpayer brought suit against the IRS for improperly imposing an Excise Tax on telephone service not covered by 26 U.S.C. §§ 4251 or 4252. The court granted the taxpayer's motion for summary judgment on its refund claim. Plaintiff purchased the following services from AT&T: inbound and outbound international long distance, domestic interstate long distance service, and intrastate long distance service in the states of Georgia, Minnesota, Missouri, New York, and Wisconsin. The rate schedule for Fortis' plan specified that the rates applied for all mileages and bands, thus making the cost of a call independent of the distance. The district court found that the Excise Tax statute was not ambiguous, and that to be taxable, long distance charges must be based on **both** distance traveled **and** time elapsed. The court also rejected the government's argument that in the alternative, plaintiff's long distance service fell within the definition of

---

[2] One district court in the Southern District of Florida found in favor of the IRS in the case captioned, *American Bankers Insurance Group, Inc. v. United States,* 308 F. Supp. 2d 1360 (S.D. Fla. 2004), but that case was subsequently reversed by the Eleventh Circuit in *Amer. Bankers Insurance Group, Inc. v. United States,* 408 F.3d 1328 (11th Cir. 2005), which ordered a refund of the Excise Tax.

§ 4252(b). The court found that § 4252(b)(2) did not apply because plaintiff was not allowed to make unlimited calls to a specific geographic area. Indeed, the taxpayer was required to pay for each individual call.

28. In *Reese Bros. Inc. v. United States,* 2004 U.S. Dist. LEXIS 27505 (W.D. Pa. Nov. 30, 2004), a case very similar *Fortis*, the district court accepted the magistrate's findings and granted summary judgment in favor of the taxpayer plaintiff, ordering a refund of the Excise Tax. The IRS made the exact same arguments that it made unsuccessfully in *Fortis*, regarding the alleged ambiguity of § 4252. In recommending summary judgment in favor of the taxpayer, the magistrate found that the statute was not ambiguous, and since long distance carriers abandoned the mileage bands that AT&T previously used and aggregated them into one band that covered the entire United States, charges for interstate long distance services no longer varied by distance, therefore, these charges were not subject to the tax set forth in 26 U.S.C. § 4251. *See Reese Bros., Inc. v. United States*, No. 03-745, 2004 U.S. Dist. LEXIS 27507, ** 8, 38 (W.D. Pa. Oct. 20, 2004). The court also found that the charges did not fall under § 4252(b)(2) because plaintiff was not allowed to make unlimited calls to a specific geographic area. Indeed, like the court in *Fortis,* it found that the taxpayer was required to pay for each individual call. Moreover, the taxpayer was not charged a flat amount or an amount based on total elapsed transmission time, but rather had varying charges each billing period, depending on the number of calls, the duration, and the per-minute rate for each call placed.

29. In *Honeywell Int'l Inc. v. United States*, 64 Fed. Cl. 188 (2005) the Federal Court of Claims heard yet another rendition of this same tax dispute. Here, Honeywell purchased intrastate, interstate, and international long distance service from several carriers, including AT&T, MCI, and Sprint. Charges for these services (except calls to Mexico) were always based

on the duration of the call. Distance was not a factor in determining the cost of the service. Honeywell was billed on an individual call-by-call basis and was not provided with a plan that allowed it to make an unlimited number of calls within a specific geographic region for a flat or fixed fee. The court acknowledged that the arguments set forth by the parties in *Honeywell* were virtually identical to the arguments made in the previous litigations throughout the country. Once again, this court ruled with the other district courts in finding that the statute was not ambiguous, and held that since the service at issue did not vary by distance, it was not subject to the Excise Tax under § 4252(b)(1), nor did it fall within the definition set forth in § 4252(b)(2), since Honeywell's calls were not limited to a particular geographic area, and it was charged on a per-call basis for each call made. The court ordered a refund of the Excise Tax.

30.    Six weeks later, the Federal Court of Claims revisited this identical issue in *America Online, Inc. v. United States*, 64 Fed. Cl. 571 (2005). In this case, AOL purchased long distance and toll free services from Sprint. AOL brought suit against the IRS alleging that the Agency improperly collected an Excise Tax on these services since AOL was charged a flat rate based on the duration of the call and without any reference to distance of the call. The IRS made the exact same arguments it proffered in the previous litigations, and once again the court rejected each argument in turn. The court briefly discussed the six prior cases decided regarding this very issue, and once again ruled that the statute was not ambiguous, and that under § 4252 (b)(1) long distance service is not subject to the tax unless charges for the service vary by **both** distance **and** elapsed time. It also found that § 4252(b)(2) did not apply because AOL did not pay a periodic fee for access to any particular calling area, and AOL paid charges on each individual call. Finally, the court quoted the *Fortis* Court's conclusion that "this case involves a disconnect between a forty year old tax scheme and recent innovations in the

telecommunications industry. It is plainly Congress's responsibility to decide whether to revise the statute to accommodate such developments." The court ordered a refund of the Excise Tax.

31.    Next, the Eleventh Circuit visited the same issue in May 2005, when it heard the appeal in *American Bankers Insurance Group v. United States,* 408 F.3d 1328 (11th Cir. 2005), and ruled against the IRS and ordered a refund of the Excise Tax.  American Bankers Insurance Group ("ABIG") purchased interstate, intrastate and international long distance service from AT&T.  It paid a uniform rate for all calls within the United States, uniform toll rates for all intrastate calls in the fives states where it purchased service, and toll rates for international calls that varied only according to which country the calls were being placed.  The Eleventh Circuit found that the statute was not ambiguous, and that a toll charge must vary in amount according to both the distance and the duration of the calls to be subject to the tax. Specifically, the court found that:

> There is nothing in the statutory context to suggest that 'and' is used in the provision as meaning 'or'. The phrase is unambiguous. The plain meaning is clear – 'and' is used conjunctively.

The Court also held that "where the statutory test is unambiguous the inquiry ends."  ABIG's calls did not vary by distance, therefore, they were not subject to § 4252(b)(1).  The Eleventh Circuit also agreed with the other courts that reviewed this issue, and ruled that the services were also not covered by § 4252(b)(2) because ABIG was charged per call, as opposed to a  periodic rate.  The mandate has issued and the IRS did not appeal this ruling.

32.    The next court to visit the issue was the District Court for the Northern District of California in *Hewlett-Packard Co. v. United States*, 2005 U.S. Dist. LEXIS 19972 (N.D. Cal. Aug. 5, 2005). Hewlett Packard purchased long distance service from AT&T, MCI, and Sprint. It was charged on a per-minute basis for elapsed time transmission, and the charges did not depend

on the distance of the call. The IRS made the exact same arguments it made in previous litigations and, once again, the district court followed the reasoning of the other courts and found that the charges were not subject to the Excise Tax under § 4252 (b)(1) or (2), nor did the service constitute "local service" under § 4252(a). This court also ordered the refund of the Excise Tax.

33.     Three months later, the Sixth Circuit decided the IRS's appeal of the *OfficeMax* decision rendered in the District Court for the Northern District of Ohio in *OfficeMax, Inc. v. United States*, 428 F.3d 583 (6th Cir. 2005) (*reh'g* and *reh'g en banc* denied, No. 04-4009, 2006 U.S. App. LEXIS 8294 (6th Cir. March 30, 2006)).  The Sixth Circuit affirmed the district court's decision in favor of the taxpayer, and once again rejected all of the IRS's oft- repeated arguments regarding the "ambiguity" of the statute, as well as its arguments that the charges fell under § 4252(b)(2). In ruling for the taxpayer, the Court held:

> Given the traditional presumption that Congress uses "and" conjunctively, given other contextual clues supporting a conjunctive reading, given the awkwardness of constructing the provision as the government does and given the historical fact that the one provider of long distance telephone service in 1965, when the definition was adopted, charged for phone calls both by distance and time, we conclude that a toll charge must vary by both distance and elapsed time in order to be taxed.

The Sixth Circuit ordered a refund of the Excise Tax, and in doing so noted that "in reaching this conclusion we are not alone. Every court to reach this issue save one district court that was subsequently reversed - has concluded that the statute unambiguously requires variance by both distance and elapsed transmission time."

34.     *National Railroad Passenger Corporation v. United States*, 431 F.3d 374 (D.C. Cir. 2005) was decided by the District of Columbia Circuit in December, 2005. The District of Columbia Circuit once again rejected the IRS's arguments that the statute was ambiguous, and

ruled that since Amtrak's charges did not vary by both time and distance, they were not covered by the statute. In rejecting the IRS's position, the court gave the following illustrative example:

> Nor do we see any merit to the government's argument that because the rate for calls from Canada to the United States is higher than the rate for domestic calls, Amtrak's charges actually vary by distance. These rates differ because calls to and from Canada cross the U.S/Canadian border, not because Canada is further away. For example, as Amtrak points out, calls from Niagara Falls, New York and from Niagara Falls, Canada to the same point in the United States travel the same distance yet incur different charges. Likewise calls from Vancouver to Seattle cost more than calls from Miami to Seattle even though the latter travel vastly greater distances.

The D.C. Circuit affirmed the prior court's ruling requiring the IRS to refund the Excise Tax, and stated that "because [the statute] is unambiguous, the IRS must take its case to Congress, not this court." The mandate has issued and the IRS has not appealed this ruling.

35.    Most recently, the Second Circuit affirmed the *Fortis* opinion, and sent a clear message that the law on this issue is unambiguous. *Fortis v. United States*, 2006 U.S. App. LEXIS 10749 (2d Cir. April 27, 2006). The Second Circuit explained the following:

> Subsequent to the District Court's decisions, the Sixth, Eleventh and D.C. Circuits have considered this issue and have, for substantially the same reasons as those stated by the District Court, reached the conclusion that telephone services such as Fortis's are not taxable under 26 U.S.C. §§ 4251 and 4252. We now do likewise.

(Internal citations omitted.)

### IRS Defies Judicial Edict and Refuses to Process Refund Claims

36.    Despite the unanimous holdings that the Excise Tax is not applicable to many of the current long distance plans or cellular plans, the IRS continues to improperly tax businesses and consumers on these services.

37.    In fact, on November 14, 2005, after receiving the Eleventh Circuit's decision in *American Bankers Insurance Group v. United States,* the IRS issued Notice 2005-79, which informed tax payers that despite losing its case in the Eleventh Circuit (as well as in every other jurisdiction that the issue had been argued, and despite the fact that it did not appeal the Eleventh Circuit decision), the IRS would continue to collect the Excise Tax and would unilaterally suspend the processing of refund requests for this illegally collected tax.  The Notice provided in relevant part:

> the IRS will continue to assess and collect the tax under § 4251 on all taxable communications services, including communications services similar to those at issue in the cases. Collectors should continue to collect the tax, including from taxpayers within the jurisdiction of the United States Court of Appeals for the Eleventh Circuit.

The notice also provided that:

> Taxpayers may preserve any claims for overpayments by filing administrative claims for refund with the Service pursuant to § 6511. Taxpayers are advised, however, that these claims, including claims for which appellate venue would lie in the United States Court of Appeals for the Eleventh Circuit, will not be processed while there are pending cases in other United States Courts of Appeals. (Emphasis added).

38.    The IRS's blatant refusal to abide by the judicial decisions cited above continues to this day.  Plaintiff and the millions of Class members similarly situated continue to be improperly taxed on communication services that are charged on the basis of the duration of the call only.

39.    The IRS even refused to provide taxpayers with any avenue for relief from this unlawful practice by no longer processing any of the refund claims submitted while any litigation in any Court of Appeals is still pending.  Plaintiff is now left with no alternative other than to sue in this Court.  It is unreasonable to force plaintiff and the millions of similarly situated taxpayers

to bring a multiplicity of backward-looking refund suits in order to repeatedly establish the illegality of the IRS's application of this Excise Tax and to prevent the running of the statute of limitations.

**The IRS Has Violated Its Own Manual**

40.    The Internal Revenue Manual (the "IRS Manual") provides the procedures that the IRS is to follow.  The IRS Manual provides that, even when the IRS disagrees with a decision of a Court of Appeals, it is bound by the decision and will follow it within that Circuit. The IRS Manual states in relevant part that "the Service will recognize the precedential impact of the opinion on cases arising within the venue of the deciding circuit."

41.    The Eleventh Circuit in *American Bankers Insurance Group v. United States,* ruled against the IRS on the Excise Tax issue, and the mandate has issued in that case.  In violation of the ruling of the Court, and the IRS Manual, the IRS continues to improperly and unlawfully collect the Excise Tax, including in the Eleventh Circuit.

42.    The District of Columbia Circuit in *National Railroad Passenger Corporation v. United States*, ruled against the IRS on the Excise Tax issue, and the mandate has issued in that case.  In violation of the ruling of the Court, and the IRS Manual, the IRS continues to improperly and unlawfully collect the Excise Tax, including in the District of Columbia Circuit.

43.    The Sixth Circuit in *OfficeMax, Inc. v. United States*, ruled against the IRS on the Excise Tax issue.  On March 30, 2006 the Sixth Circuit denied the IRS's request for an *en banc* rehearing of its appeal in *OfficeMax, Inc. v. United States.*  In violation of the ruling of the Court and the IRS Manual, the IRS continues to improperly collect the Excise Tax, including in the Sixth Circuit.

14

44.    The Second Circuit in *Fortis v. United States*, 2006 U.S. App. LEXIS 10749 (2d Cir. April 27, 2006) ruled against the IRS on the Excise Tax issue.  In violation of the ruing of the Court and the IRS Manual, the IRS continues to improperly collect the Excise Tax, including in the Second Circuit.

**The IRS Has Not Acted In Good Faith**

45.    The statute governing the Excise Tax is clear.  The only circumstances under which long distance service is subject to the Excise Tax is when either a) the call charges are based on **both** the distance traveled **and** time elapsed, or b) the customer is assessed a periodic charge (generally a flat fee based on the total elapsed transmission time), to make an unlimited number of calls within a specific area.

46.    The federal courts that have addressed this issue, including four Circuit Courts, have been unanimous in ruling that the IRS was improperly taxing long distance and cellular plans that did not fall within the meaning of the statute and ordered the IRS to refund the taxpayers' payments.

47.    Despite the fact that the Excise Tax is being applied by the IRS in a manner that is clearly without basis in the Tax Code, and the fact that numerous Circuit Courts have uniformly found that the IRS has illegally imposed the Excise Tax on services not covered by the statute, the Agency has steadfastly ignored the decisions and the IRS Manual and continues to impose and collect the Excise Tax.

48.    The IRS's recent decision to cease processing any refund claims was also made in bad faith. By doing so, it unilaterally removed the only potential recourse taxpayers had to obtain relief from the illegal imposed tax.

15

49.    The Agency continues to improperly impose the Excise Tax solely to collect over one billion dollars per year in revenue.

## CLASS ACTION ALLEGATIONS

50.    Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1) and 23 (b)(2) on behalf of a class consisting of all taxpayers who have been and continue to be subjected improperly to the Excise Tax.

51.    The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to plaintiff at this time and can only be ascertained through appropriate discovery, plaintiff believes there are, at a minimum, hundreds of thousands of members of the Class located throughout the United States.

52.    Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

a.    whether the IRS is bound by the federal courts' decisions ruling that the IRS has improperly assessed and collected the Communications Excise Tax;

b.    whether the IRS's action are in violation of the applicable U.S. Tax Code provisions;

c.    whether Plaintiff and members of the Class have a right to relief against the IRS;

d.    whether the IRS should be enjoined from imposing or collecting the Excise Tax;

e.    whether the IRS should be required to refund to plaintiff and other members of the Class the amounts they were improperly required to pay under the Excise Tax and if so, what measure of damages is proper;

        f.      whether the members of the Class are entitled to injunctive and declaratory relief against the IRS; and

        g.      whether the IRS position is substantially justified.

53.    Plaintiff's claims are typical of the claims of the members of the Class as it and members of the Class sustained damages arising out of the Defendants' wrongful conduct in improperly imposing an Excise Tax on services not covered by the statute.

54.    Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class action litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

55.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members of the Class is impracticable. Furthermore, because the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for the Class members individually to redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## COUNT I

### Injunction and Writ of Mandamus against the IRS on Behalf of the Class

56.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

57.    Plaintiff and the other members of Class have been improperly assessed an Excise Tax, and have a clear right to relief. The Class is entitled to refunds of this tax, and also has a right to be free from the continued imposition of further taxes that are not authorized by the statute and that have been found to be invalid by courts throughout the country.

58.    The IRS is bound by the clear language of the Tax Code as well as the judicial decisions entered, and must refrain from imposing the tax in a way that has been declared improper. The IRS must also reinstate the refund claims process immediately.

59.    Plaintiff and other members of the Class lack an adequate alternative remedy. The IRS has unilaterally ended its refund claim process and individual lawsuits in the federal courts will not provide adequate relief because a multiplicity of individual suits would be grossly inefficient and cost prohibitive to most taxpayers as well as inefficient and unduly burdensome to the federal court system.

60.    The IRS has not and, unless enjoined, will not comply with the clear language of the Tax Code, its own regulation, and controlling judicial decisions.

61.    An injunction or a writ of mandamus is necessary requiring the IRS to: (1) comply with the decisions of the federal courts regarding the proper interpretation of 26 U.S.C. §§4251 and 4252; (2) promptly reinstate the refund process; and (3) immediately implement a court approved and supervised program to refund all taxpayers that were improperly assessed a Excise Tax.

62.    When injunctive relief is sought in connection with the payment of federal taxes, the Anti-Injunction Act, 26 U.S.C. § 7241, is inapplicable where the IRS acts without a legal basis and the plaintiff lacks an adequate remedy at law if the Court did not intervene. Specifically, an exception to the Anti-Injunction Act applies where it is clear that government could not prevail under any circumstances and equity jurisdiction otherwise exists.

63.    An injunction and/or a writ of mandamus is warranted under the extraordinary circumstances of this case, since the IRS cannot prevail in this litigation, and the fact that

18

plaintiff and other Class members lack an adequate remedy at law if the Court does not grant the relief requested.

## COUNT II

### Declaratory Judgment against the IRS

64.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

65.     The Declaratory Judgment Act, 28 U.S.C. § 2201(a), empowers the federal courts to issue a declaratory judgment.  Even when the declaratory relief is sought in connection with the payment of federal taxes, the Anti-Injunction Act, 26 U.S.C. § 7241, and related portions of the Declaratory Judgment Act are inapplicable where the IRS acts without a legal basis and the plaintiff lacks an adequate remedy at law if the Court did not intervene.  Specifically, an exception to the Anti-Injunction Act and analogous provisions of the Declaratory Judgment Act apply where it is clear that government could not prevail under any circumstances and equity jurisdiction otherwise exists.

66.     The IRS cannot prevail in this litigation.  Its imposition of the Excise Tax upon plaintiff and other Class members is in clear violation of the Tax Code.  The IRS's actions also directly contradict the controlling federal court decisions that have explicitly addressed this issue. The IRS's actions are without any basis in the law.

67.     In addition, plaintiff and the Class lack an adequate remedy at law if the Court does not grant a declaratory judgment against the IRS.  Plaintiff has no other avenue to seek relief from this tax now that the IRS has stopped processing any refund claims.

68.     Plaintiff and the Class are entitled to a declaratory judgment providing that the IRS has improperly imposed the Excise Tax on class members, and that the continued collection of this tax is improper.

69.    Plaintiff and the Class are further entitled to a declaratory judgment providing that the IRS improperly imposed a six-month waiting period before plaintiffs may file a cause of action.

## COUNT III

### Refunds Of Amounts Improperly And Illegally Collected By The IRS

70.    Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

71.    This Court has jurisdiction over plaintiff's claims, as plaintiff has filed a claim for a refund prior to the filing of this Complaint.  The IRS has effectively denied plaintiff's refund claims by refusing to process them pursuant to its announcement in Notice 2005-79.  By declaring that it ceased processing refund claims for the Excise Tax, the IRS has waived the waiting period of 26 U.S.C. § 6532(a)(1), and has given plaintiff the implicit authorization to immediately file this class action suit in Federal Court without further delay.

72.    This Court should also award refunds to all Class members.

73.    A denial of due process has occurred and will continue to occur, absent this Court's intervention, in the following ways:

a.    the IRS continues to collect the Excise Tax despite the uniform judicial rulings declaring the tax to be improperly collected;

b.    the IRS's collection of the tax is an unlawful taking of property of Class members;

c.    the IRS's administrative program for seeking and obtaining a refund does not alter the conclusion that collection of the tax is an unlawful taking of property without due process of law because:

                i.        the IRS has suspended indefinitely the processing of refund claims and, indeed, has forced taxpayers to litigate refund claims; and

                ii.        the IRS's administrative refund procedure is too costly to implement for some Class members; thus, even if the refund procedure were operational and timely administered, it would effectively leave some Class members with no remedy to correct or recover their improperly taken property.

74.    Alternatively, and at a minimum, this Court should require the IRS to notify all members of the Class that they are entitled to file for a refund (at the expense of the IRS), and to provide these Class members with a meaningful method by which to obtain refunds.

COUNT IV

**Recovery Of Costs And Attorneys' Fees Against The IRS**

75.    Plaintiff repeats and re-allege each and every allegation contained above as if fully set forth herein.

76.    If and to the extent relief is granted on a class-wide basis, plaintiff requests that this Court award the payment of reasonable attorneys' fees.

77.    Alternatively, the prevailing party may be entitled to the recovery of reasonable administrative and litigation costs (including attorney's fees) in litigation with the United States in connection with the determination, collection, or refund of any tax. 26 U.S.C. §7430.

78.    The position of the IRS is not "substantially justified" for purposes of 26 U.S.C. § 7430(c)(4)(B). Moreover, the actions of the IRS have been sufficiently egregious to warrant a premium fee recovery over the statutory rate.

WHEREFORE, plaintiff, on its own behalf and on behalf of the Class, demands judgment as follows:

21

A.    Declaring this action to be a proper class action and certifying plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure;

B.    entering an injunction and/or a writ of mandamus on behalf of the Class compelling the IRS to:

(i)    comply with the decisions of the federal courts and their interpretations of the Excise Tax statutes;

(ii)    cease the illegal collection of the Excise Tax; and

(iii)    reinstate the administrative refund process and promptly process the refund applications;

C.    entering a declaratory judgment that the IRS is bound by the decisions in the federal courts concerning the Excise Tax and that the IRS is improperly collecting the federal Excise Tax from Class members

D.    awarding Class members refunds for the amount previously paid to the IRS for the Excise Tax;

E.    awarding plaintiff the fees and expenses incurred in pursuing this action, including reasonable allowance of fees for plaintiff's attorneys and experts; and

F.    granting such other and further relief as the Court may deem just and

proper.

DATED:    May 5, 2006

                                    COHEN, MILSTEIN, HAUSFELD &
                                    TOLL, P.L.L.C.

                        By: _____
                                    Andrew N. Friedman (DC Bar No. 375595)
                                    Victoria S. Nugent (DC Bar No. 470800)
                                    1100 New York Avenue, N.W.
                                    Suite 500, West Tower
                                    Washington, D.C.  20005
                                    (202) 408-4600


                                    David L. Wales (Bar No. 417440)
                                    Jeffrey G. Smith
                                    Mark C. Rifkin
                                    Matthew M. Guiney
                                    WOLF HALDENSTEIN ADLER
                                    FREEMAN & HERZ LLP
                                    270 Madison Avenue
                                    New York, New York 10016
                                    (212) 545-4600

242938v1